**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4668

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH CARTER, a/k/a Kevin Carter,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:22-cr-00078-CCE-1)

_____

Submitted:  July 25, 2023                                    Decided:  July 27, 2023

_____

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  John McRae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Carter appeals the district court's judgment revoking his supervised release and sentencing him to 15 months' imprisonment, followed by 21 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is plainly unreasonable. The Government has not filed a response. Although informed of his right to file a pro se supplemental brief, Carter has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable "do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range is presumed reasonable. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

We conclude that Carter's revocation sentence is both procedurally and substantively reasonable. When imposing Carter's revocation sentence, the district court correctly calculated a policy statement range of 12 to 18 months' imprisonment, considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed Carter's arguments for no additional incarceration.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Carter, in writing, of the right to petition the Supreme Court of the United States for further review. If Carter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carter.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*